### GRISCOM *ET AL.* v. GILMORE.

This court will grant a *certiorari* in a matter of private road, if it appear that but four of the six surveyors signed the return ; and the writ in such case, should be entitled as between the applicant therefor, as plaintiff in *certiorari*, and the applicant for the road, as defendant. It is a matter in which the public have no such interest, as to justify the use of the name of the State.

*Eakin* moved for the allowance of a *certiorari* to be directed to the Common Pleas of Salem, to remove into this court, the appointment, return and proceedings of surveyors of the highways, in the matter of a private road. He stated as the ground of the application, that the return of the road, was signed by only four of the surveyors, without its appearing by the return, that the other two surveyors were present; or if not present, that they had been notified according to law; and cited 2 *Green's R.* 385.

*Jeffers, contra,* admitted that the return was signed by only four surveyors; but insisted that it sufficiently appeared, that the other two surveyors were present, from the fact that the return commences in this manner, viz. "We the subscribers, *six* of the surveyors, &c.

PER CURIAM. Let a rule for an *allocatur*, be entered. It is sufficiently uncertain upon the face of this return, to justify the allowance of a *certiorari*.

*Eakin,* then inquired how the writ should be entitled; as some diversity of opinion and practice had prevailed in that matter.

BY THE COURT. Let the writ be entitled as between the applicant therefor, plaintiff in *certiorari*, and the applicant for the road, as defendant. It is a matter in which the public have no such interest, as to justify the use of the name of the State.

*Certiorari allowed.*

CITED in *State* v. *Justice*, 4 *Zab.* 414.